**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6338**

---

THOMAS BARTHOLOMEW SIMPSON,

Plaintiff - Appellant,

v.

GLENN YOUNGKIN; ROBERT MOSIER; JASON S. MIYARES; HAROLD W. CLARKE; WARDEN TIKKI HICKS; TONY DARDEN; BRIAN DAWSON; LEONARD LEVIN,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:23-cv-00032-MHL-MRC)

---

Submitted:  November 21, 2025                    Decided:  December 17, 2025

---

Before THACKER, HARRIS, and RUSHING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Thomas Bartholomew Simpson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Bartholomew Simpson appeals the district court's order and judgment dismissing his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B). We have reviewed the record and find no reversible error.

First, contrary to Simpson's arguments on appeal, the district court adequately notified Simpson that his particularized complaint needed to comply with the joinder rules set forth in Fed. R. Civ. P. 20(a)(2), and it did not violate his due process or equal protection rights by enforcing those rules. *See* Fed. R. Civ. P. 21 (stating that court "may at any time . . . drop a [misjoined] party"). Second, Simpson's Eighth Amendment claim against the first-named defendant did not arise out of the same transaction or occurrence as Simpson's claims against different defendants; therefore, the district court did not abuse its discretion by dismissing the latter claims without prejudice as improperly joined. *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (discussing when joinder is appropriate). Third, the court correctly dismissed Simpson's Eighth Amendment claim because he failed to plausibly allege that any of the defendants named therein knowingly disregarded a substantial risk to his health or safety. *See Ford v. Hooks*, 108 F.4th 224, 230 (4th Cir. 2024) (stating elements of Eighth Amendment claim). Finally, because Simpson did not present a colorable claim, the court did not abuse its discretion by declining to appoint him counsel. *See Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) (discussing appointment of counsel in civil cases).

Accordingly, we affirm the district court's judgment, and we deny Simpson's motions for appointment of counsel and for a restraining order and injunction. *Simpson v.*

2

*Youngkin*, No. 3:23-cv-00032-MHL-MRC (E.D. Va. Mar. 5, 2024).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*